UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PRINCETON ALTERNATIVE FUNDING, LLC, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 21-12971 (ZNQ) (RLS)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

SINGH, United States Magistrate Judge.

　　This matter comes before the Court upon a Motion by Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. (collectively, "Defendants") to Compel Third-Party Wesley McKnight ("McKnight") to Comply with Third-Party Document and Deposition Subpoenas (the "Motion").  (Dkt. No. 40). McKnight responded to the Motion, (Dkt. No. 45), to which Defendants have replied, (Dkt. No. 49).  Plaintiff Securities and Exchange Commission ("Plaintiff") takes no position on the Motion. (Dkt. No. 48).  The Court has fully reviewed the submissions of the parties and further considers the parties' positions as set forth by counsel during the November 28, 2022 telephone conference. For the reasons set forth below, Defendants' Motion is hereby GRANTED IN PART.

1

**I.      BACKGROUND AND PROCEDURAL HISTORY**

As the facts are well-known to the parties and the Court, they are not set forth at length. Instead, only those facts and procedural history related to the instant application are discussed herein.

This action arises out of Plaintiff's allegations that Defendants, through materially false and misleading statements, solicited investors to purchase limited partnership interests in the Princeton Alternative Income Fund ("PAIF") and its offshore feeder fund, Princeton Alternative Income Offshore Fund, Ltd. ("PAIOF"), (collectively, the "Fund") from March 2015 through February 2017 in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. (*See generally* Dkt. No. 1).

Through the Complaint, Plaintiff identifies "Investor R" as the adviser and manager to two (2) pooled investment vehicles, which collectively invested $6.8 million in PAIF and $55.1 million in PAIOF between March 2015 and February 2016, thereby solidifying Investor R as the largest investor in the Fund. (Dkt. No. 1 at ¶ 14). In their moving papers, Defendants identify Investor R as Ranger Alternative Management II, LP, and the two pooled investment vehicles as Ranger Specialty Income Fund, LP and Ranger Direct Lending Fund Trust (collectively, "Ranger"). (*See* Dkt. No. 40-2 at p. 3).

On March 28, 2016, Ranger submitted a redemption request to the Fund for a 100% withdrawal of Ranger's funds to be received in full by October 31, 2016. (Dkt. No. 1 at ¶ 84). Plaintiff alleges that Defendants made false and misleading statements and omissions regarding Ranger's redemption request. (Dkt. No. 1 at ¶¶ 83-87). McKnight—a non-party to this action— previously worked for Ranger and resigned from his employment on August 2, 2018. (*See* Dkt.

2

No. 45-1 at p. 11 n.2). During his time at Ranger, McKnight was involved in the Fund's Bankruptcy and JAMS Arbitration proceedings initiated by Ranger against the Fund. (Dkt. No. 40-3 at ¶ 29). It appears that, during the JAMS Arbitration, McKnight grew concerned that Ranger was intentionally deleting documents pertaining to Ranger's investment in the Fund. (Dkt. No. 40-6 at ¶ 33). McKnight later testified at the JAMS Arbitration on November 30, 2017. (Dkt. No. 40-3 at ¶ 29).

On August 25, 2020, McKnight and Ranger entered into a Settlement Agreement[1], which purports to contain, *inter alia*, a paragraph relating to "cooperation and non-assistance" should any party receive written discovery requests concerning Ranger's confidential or privileged information. According to McKnight, that Agreement provides:

> Cooperation and Non-Assistance. . . . The Parties further agree to cooperate in good faith in the event a party received a subpoena or other request for written discovery related to [Ranger], including, but not limited to, by providing reasonable notice (not less than five (5) business days) to the other party and an opportunity to object. [Ranger] and its affiliates reserve the right to hire a mutually agreeable counsel to represent McKnight to respond to any such subpoena or written discovery at [Ranger's] expense, and McKnight shall not unreasonably withhold consent to such representation and shall cooperate in good faith with [Ranger] and its affiliates in responding to such subpoena or written discovery, but [Ranger] and its affiliates shall have no obligation to provide counsel to represent McKnight. Nothing in this Agreement, however, shall be construed to limit or prevent any party from providing truthful testimony or evidence in response to a subpoena or other valid court or agency process.

(*See* Dkt. No. 45-1 at p. 41, ¶ 43). McKnight also alleges that Section 5.1(c) of his Employment Agreement with Ranger was incorporated into the Settlement Agreement. (Dkt. No. 45 at p. 3).

---

[1] McKnight relies on the Settlement Agreement and Employment Agreement throughout his response; however, McKnight did not attach either document as an exhibit. As a result, the Court has not reviewed the agreements, but sets forth McKnight's contentions regarding the agreements for purposes of this Motion.

3

According to McKnight, under that provision, if he is ordered by a Court to disclose confidential information (as defined in the Employment Agreement), then he must: (1) notify Ranger; (2) diligently contest such order as directed by Ranger and at the sole expense of Ranger; and (3) seek to obtain as directed by Ranger at the sole expense of Ranger such confidential treatment as may be available under applicable laws for any information disclosed under such order. (Dkt. No. 45 at p. 3). McKnight further posits that the Settlement Agreement required him to return or destroy Ranger's confidential information, including returning computers containing any such information. (Dkt. No. 45 at p. 3).

On September 15, 2022, Defendants served McKnight with a document subpoena, seeking the production of documents and communications relating to, *inter alia*, communications between McKnight and Ranger's legal counsel and additional confidential information concerning Ranger and listing the place of compliance as Fort Worth, Texas. (Dkt. No. 45-2). Following receipt of the September 15, 2022 subpoena and pursuant to the Settlement Agreement, McKnight provided Ranger notice. In response, Ranger proposed counsel to McKnight whom McKnight rejected as not "mutually agreeable." (Dkt. No. 45 at p. 3). McKnight subsequently retained his own counsel and notified Ranger of same. (*See* Dkt. No. 45-5). Shortly thereafter, Ranger filed suit against McKnight in Texas State Court, alleging a breach of the Settlement Agreement and seeking damages in the amount of $50,000.00 as well as injunctive relief via a Temporary Restraining Order ("TRO") that would prevent McKnight from disclosing Ranger's privileged information in response to the subpoena.[2] (*See* Dkt. No. 45 at p. 4; Dkt. No. 45-1).

---

[2] The proceeding before the Texas State Court also related to a separate subpoena served on McKnight that sought deposition testimony for a matter proceeding in New Jersey State Court. (*See* Dkt. No. 45-1). That state court subpoena is not subject to the Motion or this Order.

On October 21, 2022, the Dallas County District Court entered a TRO ("the Texas State Court TRO"), which prohibited McKnight "from disclosing any documents in response to the [September 15, 2022] Subpoena . . . without first providing [Ranger] notice of any documents responsive to the Subpoena, and an opportunity to object to such disclosure and/or secure confidential treatment" and "from disclosing any information in response to the [September 15, 2022] Subpoena . . . that may be protected by the attorney-client privilege or work product doctrine[.]" (Dkt. No. 45-8 at pp. 5-6).

On October 25, 2022, Defendants served McKnight with a second subpoena, seeking the same documents as detailed within the September 15, 2022 subpoena and similarly listing Texas as the place of compliance.[3] (*See* Dkt. No. 45 at p. 4).

On November 2, 2022, Defendants served another subpoena on McKnight, again seeking the production of the documents included in the September 15, 2022 and October 25, 2022 subpoenas and listing the place of compliance as Princeton, New Jersey. (Dkt. No. 40-7). Defendants attach to its November 2, 2022 Motion another subpoena directed to McKnight dated November 17, 2022, which sought to command McKnight's presence at a deposition to take place also on November 17, 2022 in Princeton, New Jersey as well as the production of certain documents. (Dkt. No. 40-5). However, pursuant to the Transmittal Declaration of Daniella Gordon in Support of the Motion to Compel, that deposition subpoena was served on McKnight on November 2, 2022. (Dkt. No. 40-9 at ¶ 4; *see also* Dkt. No. 45-11).

On November 2, 2022, Defendants filed the instant Motion, seeking to compel McKnight's compliance with the November 2, 20022 subpoenas, arguing that McKnight holds documents

---

[3] The October 25, 2022 subpoena was not attached as an exhibit to the instant Motion, McKnight's response, or Defendants' reply.

and/or information relevant to this action, the Texas State Court TRO does not prohibit his compliance, and Ranger's suit in Texas State Court against McKnight is pre-empted. (*See generally* Dkt. No. 40-2). On November 3, 2022, this Court entered a briefing schedule. (Dkt. No. 44).

On November 4, 2022, the Texas Court held a hearing on the Texas State Court TRO, finding that, while McKnight did not unreasonably withhold his consent to Ranger's proposed counsel, Ranger nevertheless held a valid interest in protecting its confidential and privileged information pursuant to the Settlement Agreement. (*See* Dkt. No. 45 at pp. 4-5). Accordingly, the Texas Court ordered the parties to abide by the terms of the Texas State Court TRO pending entry of a subsequent TRO reflecting the Texas Court's ruling. (*See* Dkt. No. 45 at pp. 4-5).

On November 14, 2022, following notice by McKnight of the November 2, 2022 subpoenas and the instant Motion, Ranger conveyed to McKnight via email that it had no intention of intervening in this civil action or responding to the instant Motion. (Dkt. No. 45-14 at p. 1). That same day, McKnight filed a response to the Motion, asserting that he no longer possessed any of the documents sought through the subpoena and seeking the Court to impose procedural guidelines for Ranger "to directly protect its own privileged or confidential information," if the Court were to compel McKnight's deposition. (Dkt. No. 45 at pp. 3, 5-7). McKnight further highlighted procedural issues with the subpoenas in that the September 15, 2022 and October 25, 2022 subpoenas conflicted with Federal Rule of Civil Procedure 37(a)(2) and that the November 2, 2022 subpoenas conflicted with Federal Rule of Civil Procedure 45(c)(1)(A) because it sought compliance more than 100 miles from McKnight's residence in Texas. (*See* Dkt. No. 45 at p. 6). Also on November 14, 2022, Plaintiff filed a response to the Motion indicating that it "takes no position on Defendants' Motion." (Dkt. No. 48 at p. 1).

On November 18, 2022, Defendants filed their reply to the Motion, offering to cure the procedural defect under Rule 45(c)(1)(A) by accommodating McKnight's appearance for deposition via the Zoom virtual platform in New Jersey and contending that McKnight may still indeed possess documents in the form of electronically stored information that could be retrieved by a third-party vendor. Defendants further cited the Settlement Agreement as a responsive document not yet produced by McKnight and argued that the Discovery Confidentiality Order entered in this action, (Dkt. No. 31), would protect confidential documents and testimony provided in response to the subpoenas. (*See* Dkt. No. 49 at pp. 2-3).

This Court held a teleconference on the instant Motion on November 28, 2022 and heard further argument of counsel.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The material "need not be admissible in evidence to be discoverable." *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) ("all relevant material is discoverable unless an applicable evidentiary privilege is asserted."). Indeed, courts construe relevancy broader at the discovery stage. *Cont'l Cas. Co. v. J.M. Huber Corp.*, Civ. No. 13-4298, 2016 WL 3509317, at *2 (D.N.J. June 27, 2016) (citing *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)).

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a non-party may be compelled by subpoena to produce documents, permit an inspection of records, or appear for a deposition. *See* Fed. R. Civ. P. 45(d), (e); Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 30(a)(1). The scope of discovery provided for under Rule 26 similarly applies to discovery sought via a Rule 45 subpoena

on a non-party. *See* Fed. R. Civ. P. 45(a)(1); *in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. Of Educ.*, Civ. No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). Nevertheless, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, Civ. No. 20-6744, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (citing *Chazanow v. Sussex Bank*, Civ. No. 11-1094, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)).

A party may move to compel discovery sought through a subpoena on a non-party and such motion "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). On such a motion, the movant must show that the sought-after discovery from the non-party is relevant and, if it does, then "the resisting non-party must explain why discovery should not be permitted." *Biotechnology Value Fund, L.P. v. Celera Corp.*, Civ. No. 14-4046, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citations and internal quotation marks omitted).

In certain instances, the Court has authority to modify a subpoena and "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter if no exception or wavier applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see also Simulovich v. 1161 Rt. 9 LLC*, Civ. No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).[4] An undue burden can exist when the subpoena is "unreasonable or oppressive." *In re Lazardis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011). When assessing the reasonableness of a subpoena, the Court must balance several competing factors including:

> (1) relevance, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the

---

[4] This discovery dispute comes before the Court on the issuing party's motion to compel a response to subpoenas, rather than the responding non-party's motion to quash. Nevertheless, the Court applies the limits set by Rule 45 on the scope of appropriate non-party discovery.

> burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation.

*Biotechnology Value Fund*, 2014 WL 4272732, at *2 (citations omitted); *see also Gould v. O'Neal*, Civ. No. 17-100, 2019 WL 4686991, at *3 (D.N.J. Sept. 26, 2019).

Ultimately, a district court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, Civ. No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III.   DISCUSSION

Defendants seek to compel McKnight's deposition and document production, claiming "McKnight has information relevant to Ranger's investment in the [F]und and request for redemption, in addition to information regarding the Bankruptcy and Arbitration." (Dkt. No. 40-2 at p. 6). Through his response, McKnight does not object on relevancy, but instead raises procedural issues with the subpoenas and claims hardship arising out of his obligations to Ranger and the Texas State Court TRO. Indeed, McKnight implies that he is caught between the proverbial rock and hard place: that is, "between [D]efendants' subpoenas and Motion, the Texas [State Court] TRO, and Ranger's apparent strategy to force [McKnight] to invoke and defend Ranger's privilege or confidentiality on Ranger's behalf without their assistance or input." (Dkt. No. 45 at pp. 6-7).

As a threshold matter, the Court agrees with McKnight that the subpoenas issued before the November 2, 2022 subpoenas are not properly before the Court. *See* Fed. R. Civ. P. 37(a)(2),

45(c)-(d). Accordingly, the Court construes Defendants' Motion as relating only to the two subpoenas served on McKnight on November 2, 2022.

The Court next evaluates the procedural issued raised by McKnight that the deposition subpoena would compel compliance more than 100 miles from his residence. *See* Fed. R. Civ. P. 45(c)(1)(A). Rule 45(c) requires that a subpoena may direct a non-party deposition only if attendance would be within the non-party's resident state or "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1). Indeed, Princeton, New Jersey—the purported location of the November 2, 2022 deposition subpoena—would be more than 100 miles of McKnight's residence in Texas. However, the Court recognizes that the deposition can proceed virtually, which the parties and McKnight do not contest. *See* Fed. R. Civ. P. 30(b)(4) (permitting depositions to be taken via remote means). Conducting the deposition virtually may resolve McKnight's procedural objections under Rule 45(c)(1)(A). *See Broumand v. Joseph*, 522 F. Supp. 3d 8, 28 (S.D.N.Y. 2021) (finding that compelling virtual testimony does not move the physical location of the witness and holding that Rule 45 centers around the location of the questioner, not the witness, and that "any other reading would render Rule 45(c)'s geographical limitations a nullity"); *Frobe v. UPMC St. Margaret*, Civ. No. 20-957, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021) (permitting a deposition pursuant to a subpoena that would otherwise violate the 100-mile rule to be taken via Zoom Video Conferencing or other remote means). Accordingly, the Court requires Defendants to modify the subpoena to reflect that the deposition will be conducted virtually through remote means. *See* Fed. R. Civ. P. 45(d)(3) (permitting a court to modify a subpoena).

Further, the Court finds that the documents and testimony sought by the November 2, 2022 subpoenas are relevant to the instant matter. Ranger, McKnight's former employer, was the largest

investor in the Fund, and McKnight was intimately involved in the Funds' Bankruptcy and JAMS Arbitration proceedings; documents and information that may be held by McKnight are clearly relevant to the claims and defenses in this civil action. As a result, the burden therefore shifts to McKnight to justify why discovery should not be permitted. *See Gould*, 2019 WL 4686991, at *4.

As discussed above, McKnight objects to the subpoenas based on his well-founded concerns regarding his obligations under the Settlement Agreement and the Texas State Court TRO to protect Ranger's confidential and privileged information. McKnight contends that, based on those obligations, the subpoenas impose upon him an undue burden. Notably, Ranger, the entity who may have the relevant privilege and confidentiality concerns, has not appeared or responded to the instant Motion. (*See* Dkt. Nos. 45-5, 45-6, 45-7, 45-9, 45-14).

Considering the various interests presented before the Court, the Court finds that appropriate safeguards can balance the competing interests. *See Biotechnology Value Fund*, 2014 WL 4272732, at *1; *see also Gould*, 2019 WL 4686991, at *6 (granting a motion to compel when privacy and privilege concerns could "be adequately addressed through redaction and or/the entry of a discovery confidentiality order"). McKnight, consistent with the Texas State Court TRO and the Settlement Agreement, shall provide Ranger with the appropriate notice of any documents he intends to produce in response to the subpoena to provide Ranger with an opportunity to object. McKnight and Defendants shall also provide Ranger with advance notice of McKnight's deposition and access to any virtual link used for that deposition. Recognizing that the sought-after testimony may call for information maintained as confidential and/or privileged by Ranger and not McKnight, the Court does not require McKnight or his counsel to assert objections on Ranger's behalf during the deposition. Rather, Ranger shall appear at the deposition and assert

11

any objections it may have to maintain the confidentiality and/or privileged status of its information.

Further, out of an abundance of caution, the Court requires that any documents produced by McKnight in response to the subpoena and his testimony at the deposition be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Court's July 11, 2022 Discovery Confidentiality Order. (Dkt. No. 31). De-designation of such documents and testimony shall be made only following notice to all parties, McKnight, and Ranger, and in accordance with the procedures set forth in the Discovery Confidentiality Order.

Accordingly, with these added protections in place, the Court finds the subpoenas are reasonable and hereby enforces McKnight's compliance with the November 2, 2022 subpoenas subject to the modifications set forth above. *See Biotechnology Value Fund*, 2014 WL 4272732, at *1; *see also* Fed. R. Civ. P. 45(d)(3). The Court, therefore, GRANTS IN PART Defendants' Motion to Compel.

## IV. CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **8th** day of **December 2022**, hereby

**ORDERED** that Defendants' Motion to Compel (Dkt. No. 40) is hereby **GRANTED IN PART**; and it is further

**ORDERED** that Defendants shall amend the deposition subpoena to reflect the place of compliance as Princeton, New Jersey via virtual platform and to set a new date for the deposition and serve the amended subpoena upon McKnight and Ranger; and it is further

**ORDERED** that the parties shall inform the Court as to the date of the deposition.  To the extent a dispute arises during the deposition which the parties cannot resolve following a meet and confer, the parties are directed to contact chambers during the deposition to notify the Court of the nature of the dispute; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 40.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**