UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON ALTERNATIVE FUNDING, LLC, MICROBILT CORPORATION, PHILIP N. BURGESS, JR., WALTER WOJCIECHOWSKI, and JOHN COOK, JR.<br><br>Defendants. | Case No. 3:21-cv-12971-ZNQ-RLS |

**DEFENDANTS' REPLY TO BALLARD SPAHR LLP'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY DOCUMENT SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. ("Defendants"), by and through counsel submit this reply brief in response to Ballard Spahr LLP's ("Ballard") Opposition to Defendants' Motion to Compel Compliance with Third-Party Document Subpoena (the "Opposition").

**SUMMARY**

In its Opposition, Ballard purports to object to the production of documents in response to Defendants' third-party document subpoena (the "Document Subpoena"), which was issued out of this Court on or about September 26, 2022. The primary basis for Ballard's objection is its claim that the documents sought are (1) privileged and (2) available from other sources. Neither statement is true. First, Ranger Alternative Management II, LP ("Ranger") is dissolved and

therefore the attorney-client privilege no longer applies to the documents held by Ballard. Second, because Ranger is dissolved, Defendants cannot seek the documents directly from Ranger. Further, the SEC does not have a complete set of unredacted Ranger documents, and has thus far been unwilling to produce certain other Ranger documents (that contain representations to the SEC by Ranger about Defendants) in its possession for reasons of statutory confidentiality.

Ballard further claims that it "cannot comply with the Subpoena's request to produce unredacted copies of the documents it produced to the SEC for Ranger because those redactions protect a privilege that is Ranger's – not Ballard Spahr's." Opposition at 1. In support of this argument, Ballard further claims that "Ranger has not retained Ballard Spahr in connection with the Subpoena; has not authorized Ballard Spahr to produce its privileged information; and has not agreed to pay the costs that the firm must bear in light of the Subpoena." *Id.* As this Court is aware, Jamie Welton of Duane Morris LLP (a local Pennsylvania law firm located mere blocks away from Ballard) has previously appeared in this matter on behalf of Ranger Alternative GP LLC ("Ranger GP") for the purpose of trying to assert the attorney-client privilege on Ranger's behalf. In those proceedings, Welton claimed to represent Ranger Alternative Management II GP when that was clearly **not** the case. *See e.g.*, February 16, 2023 Hearing Transcript at 7:12. Yet, Mr. Welton has not appeared in this matter (the briefing of which occurred prior to the McKnight ruling on February 17, 2023, Dkt. No. 73)—and Ballard has carefully avoided disclosing to this Court whether or not it has been communicating with Welton regarding this matter. Instead, it merely states that it has not been "retained" by Ranger in connection with Defendants' Document Subpoena. Finally, Ballard's Opposition misstates its communications with Defendants' counsel and the SEC's attorney, James Smith. Prior to its motion, counsel for Defendants offered a number of compromises to Ballard—including identifying and segregating any documents in Ballard's

2

position that contain redactions from Defendants as well as offering to accept a privilege log of Ranger's redactions. These compromises—which Ballard summarily rejected—were solely to narrow the range of documents sought (and not to concede that there is any viable privilege concerning the Ranger documents).

## ARGUMENT

### A. The Documents Defendants Seek from Ballard are No Longer Subject to Privilege

#### 1. *Ballard failed to inform the Court that Ranger has been dissolved.*

In claiming privilege on behalf of its former client, Ranger, Ballard neglects to inform this Court that the attorney-client privilege no longer applies here. As this Court is aware, Ranger dissolved no later than November, 2021. *See* Screenshot from https://opencorporates.com/companies/us_tx/0801826781 attached hereto as Exhibit A.

The Restatement Third of the Law Governing Lawyers provides that "[w]hen a corporation or other organization has ceased to have a legal existence such that no person can act in its behalf, ordinarily the attorney-client privilege terminates." *See* The Restatement (Third) of the Law Governing Lawyers § 73 comment k. *See also Affiniti Colorado, LLC v. Kissinger & Fellman*, P.C., 461 P.3d 606 (Colo. App. 2019) (court held that the attorney-client privilege did not protect communications between defendants and corporation because the corporation had dissolved and divested itself of its assets); *Red Vision Systems, Inc. v. National Real Estate Information Services, L.P.*, 108 A.3d 54 (Pa. Super. 2015) (court held that the dissolved entities had neither a legal successor nor some remaining management with authority . . . so there was no longer any "client" to raise or waive the attorney-client privilege); *Vanscot Concrete Co. v. Bailey*, 862 S.W.2d 781, 784 (Tex. App. 1993) ("in a dissolution, the privileges, powers, rights, and duties of the corporation come to an end and suffer a corporate death").

### *2. Ranger has waived any remaining attorney-client privilege and/ or failed to meet its burden as to such privileges.*

Even if the attorney-client privilege between Ballard and Ranger still applies to a dissolved corporation (which it does not), this Court has previously found that Ranger waived its attorney-client privilege with Ballard concerning the same topics sought from Ballard via the Document Subpoena. Specifically, during the recent deposition of Wesley McKnight, Ranger GP counsel, Welton, attempted to the assert attorney-client privilege on behalf of the now dissolved Ranger (i.e., Ranger Alternative Management II LP). In response, Defendants brought a Motion to Compel requesting that McKnight be compelled to complete his answers to questions concerning his testimony about:

- Ranger's lawyers role in deleting relevant emails from its productions of documents concerning Defendants to the SEC and others;
- Ballard attorney Timothy Katsiff's alleged improper influencing of witness testimonies;
- Katsiff's alleged suborning of perjury of certain witnesses;
- Katsiff's alleged false statements to the Ranger/Microbilt Arbitration Panel; and
- Ballard's interactions and communications with Ranger concerning the SEC.

*See* Dkt. Nos. 58, 59, 60.

Without reaching the question as to whether such privilege invocation by Ranger GP was appropriate or not, the Court found that McKnight was "not [ ] required to assert any privileges that may be held by Ranger on behalf of Ranger in part because Ranger has waived such privileges and/or failed to meet its burden as to such privileges in connection with the questions and topics that are the subject of the Motion." *See* Dkt. No. 73; Order on Motion to Compel Third-Party at 2.

That waiver of privilege should be found to extend to the documents here from Ballard because they concern the same topics and the same attorney-client privilege that was found to have been waived. *See In re Chevron Corp.*, 650 F.3d 276, 287 (3d Cir. 2011) (finding that the waiver

4

of privilege extends to the same subject matter made both prior to and after the occurrence of the waiver). Accordingly, even if there were a valid attorney-client privilege here (which there is not), Ranger has waived any privilege it may have possessed as to the subject matter of the documents and communications sought in Defendants' requests to Ballard.

Separately, Ballard appears to claim that any request for documents concerning a former SEC Subpoena served on Ranger necessarily includes privileged attorney-client communications or work product. That is false. Communications made either by Ranger to the SEC or by Ballard to the SEC on behalf of Ranger are not privileged, as the SEC is a third-party. *See Roggio v. F.B.I.*, 2011 WL 1077257, at *4 (D.N.J. Mar. 18, 2011) ("In order for a communication to be subject to the attorney-client privilege, the communication must originate in confidence and not be disseminated beyond those persons who need to know its contents"). Additionally, Ballard routinely communicated with the SEC and provided it with documents concerning MicroBilt where there was no SEC subpoena pending—and the SEC Staff voluntarily provided Ballard with documents and information about Microbilt as well. *See e.g.*, Ballard Spahr LLP PowerPoint "Princeton Alternative Fund – Top To Bottom, A Fraud" attached hereto as Exhibit B.

As the recent McKnight testimony makes clear, Ranger and Ballard were voluntarily working with the SEC to assist the SEC's pursuit against Defendants in an effort to distract from the SEC's investigation into Ranger and to aid Ranger in its private legal disputes with Defendants. *See* Excerpts of Deposition Transcript of Wesley McKnight dated January 12, 2023 and February 21, 2023 at 290:17 – 292:17; 302:11 – 306:16, attached hereto as Exhibit C. For example, Mr. McKnight testified that Katsiff knowingly made false statements to the SEC regarding Mr. Burgess' involvement in Princeton and Ranger's knowledge of this. *Id.* at 304:7-20 Mr. McKnight also testified that former SEC employee David Axelrod accompanied Mr. Katsiff on these

meetings as Mr. Axelrod had contacts at the SEC and could get them to go after Princeton for securities violations. *Id*. at 290:17 – 292:17; 310:6 – 311: 24. Further, the SEC provided updates, including inappropriately sending a copy of the Formal Order regarding Defendants, to Ranger's attorneys at Ballard—which Ballard and Ranger then used in its litigations with Defendants.

**B. <u>Ballard is the Only Known Source of the Ranger Documents</u>**

*1. Ranger is dissolved and therefore Defendants cannot seek documents from it.*

Ballard's claim that Defendants have subpoenaed the wrong entity and should more properly subpoena Ranger is false on its face. As it has already been noted, Ranger is dissolved as a corporate entity. Accordingly, there is no entity to serve with a document subpoena. Even if Ranger was subject to process as a matter of law, there appears no one at Ranger to actually collect and produce pertinent documents. The fact that Ballard never informed this Court about Ranger's dissolution in 2021—*which it knows to be true*—should not be overlooked by this Court. Ballard is fully aware that there is no Ranger anymore.[1] Ballard knows it is the only party left possessing a complete set of the relevant documents.

*2. The SEC does not have unredacted copies of Ranger documents and it does not possess a Ranger privilege log.*

It is undisputed that the SEC is not in the possession of any of the *unredacted* documents that the Defendants seek in this action. It is further undisputed that the SEC received the Ranger production in redacted form and without a privilege log. Mr. McKnight is not in possession of any relevant documents requested from Ballard in the subject subpoena as he was obligated to return or destroy those documents. *Id*. at 14:11-18. Further, Defendants have attempted to serve both

---

[1] Ranger GP still exists. But, as this Court and the parties to this matter have seen, Ranger GP is the epitome of a hostile witness. Even if Ranger GP possessed the same documents as Ballard concerning Ranger, it is unlikely it would produce them absent a court order from a Texas court.

document and deposition subpoenas on Nimrod Hacker, former General Counsel for Ranger, over the course of the last three months. But he has thus far successfully evaded service of process. Accordingly, as far as Defendants are currently aware, Ballard is the only entity with possession of the unredacted versions of documents concerning Defendants produced by Ranger to the SEC. As such, Defendants served the Document Subpoena on Ballard's Mt. Laurel, New Jersey office on or about September 2, 2022, which was issued by this court on or about the same date.

As a sideshow, Ballard also implies that the documents the SEC received from Ranger relating to SEC "audits" are not part of its MicroBilt litigation file because they do not pertain to Defendants, which is inaccurate. It is not disputed that accusations and false assertions against Defendants made by Ranger are contained in the so-called Ranger "audit" files of the SEC. Whether or not the SEC relied on those false accusations is a matter that Defendants have every right to test.

In its Opposition, Ballard neglects to tell the Court the whole truth. The SEC's examination of Ranger was not a mere routine audit. Rather, it was an intentional "for cause" examination based on Ranger's failures to disclose material information regarding its investment in Defendant Princeton Alternative Funding, LLC ("PAF"). Ranger's counsel, Ballard, defended Ranger from these accusations by working with Ranger's in-house attorney Nimrod Hacker and its outside attorney, Katsiff—*to falsely blame Defendants for Ranger's regulatory deficiencies.* Ballard's Opposition claims that because the SEC purportedly did not rely on Ranger's lies (or put such documents in a separate internal government file), those documents are immaterial to this case. But, the relevancy of the documents showing these lies—and the eventual discovery of Ballard's communications with Ranger showing that both Ranger and its attorneys knew of the lies—is very relevant to this matter as detailed below.

7

### C. Defendants Explained its Need for the Requested Documents to Ballard

It appears, from several documents already in Defendants' possession, that Ranger and Ballard's counsel (both in-house and at Ballard) have acted in concert to use Defendants as a scapegoat to the SEC in order to deflect from Ranger's securities fraud and regulatory deficiencies. This is clearly seen in the documents and statements made by Ballard to the SEC on Ranger's behalf. *See* Ex. B. Further, it appears that Ranger, with Ballard's help, convinced numerous persons to file false whistleblower complaints concerning Defendants with the SEC. The documents that Defendants seek from Ballard are invaluable to the Defendants' defenses and impeachment of many of the anticipated witnesses from the SEC.

### D. Ballard Rejected all of Defendants' Efforts to Resolve this Dispute

#### *1. Defendants tried to compromise with Ballard by requesting a privilege log.*

Ballard alleges that Defendants "deliberately omit Ballard Spahr's efforts to resolve the dispute" by failing to promptly respond to Ballard's email correspondence requesting that Defendants identify the particular Ranger documents to be produced in unredacted form, and detail why those documents are not properly subject to the attorney-client privilege. As Defendants have stated over and over again, Defendants cannot determine what was redacted and therefore cannot determine if it is worthy of challenge. Redacted information—by its very nature—cannot be known to the non-disclosing parties—hence the case law that has arisen requiring production of privilege logs. *See Schaeffer v. Tracey*, No. 215CV08836MCASCM, 2017 WL 465913, at *3 (D.N.J. Feb. 2, 2017) ("The production of an inadequate privilege log or none at all, is contrary to the [Fed. R. Civ. P. 26(b)(5)], subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver to the privilege. A withholding party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or

disclosed– and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.") (internal quotations omitted).

As a compromise, Defendants offered to accept a privilege log from Ballard that identifies the various redacted documents of Ranger and reveals the basis for assertion of the privilege. Defendants offered this compromise to Ballard in the first instances even though they do not believe (for the reasons stated herein) that any of the Ranger documents possessed by Ballard are properly subject to the attorney-client privilege. Defendants made this concession solely as an attempt to resolve this without Court intervention. However, each time that offer was made, Ballard refused. Ballard's position is that Defendants must provide a list of each specific document it seeks in unredacted form, along with an explanation as to why it should be produced. The Federal Rules do not require Defendants to meet such a burden and Ballard has cited no case law support for its position. Rather, the burden to demonstrate that a document is privileged lies with the party that seeks to withhold the document from production. That ordinarily is done through providing a privilege log which Ballard improperly refused to do.

### 2. *Ballard rejected Defendants' offer to compromise regarding redactions.*

Contrary to Ballard's claims that Defendants seek their own, prior produced documents in unredacted form, Defendants proposed separating out documents that originally were redacted by Defendants as soon as Ballard raised that issue as an impediment to their production. As part of that request, Defendants' counsel asked Ballard to look at its Ranger files and determine if there was a pre-existing privilege log that corresponded to the Ranger files held by Ballard. Counsel for

Ballard (Katsiff) stated that the Ranger files were offsite and categorically refused to retrieve and look at the files for any purpose.[2]

## CONCLUSION

For the foregoing reasons set out in this reply and Defendants' Motion to Compel, this Court should grant Defendants' Motion to Compel and enter an order requiring Ballard to comply with Defendants' third-party Document Subpoena, and impose costs, fees and sanctions.

DATED: March 23, 2023

**ARMSTRONG TEASDALE**

*/s/ John A. Sten*

_____

John A. Sten (*Admitted Pro Hac Vice*)
jsten@atllp.com
Jason Moreau (*Admitted Pro Hac Vice*)
jmoreau@atllp.com
Allison McFarland (*Admitted Pro Hac Vice*)
amcfarland@atllp.com
Prudential Tower
800 Boylston Street, 30th Floor
Boston, MA 02119
(617) 824-5150

*/s/ Daniella Gordon*

_____

Richard L. Scheff (*Admitted Pro Hac Vice*)
rlscheff@atllp.com
Daniella Gordon *(local counsel)*
dgordon@atllp.com
(Attorney No. 39372005)
2005 Market Street
29th Floor, Once Commerce Square
Philadelphia, PA 19103
(267) 780-2000

---

[2] In the Opposition, Ballard claims that, in an effort to quantify the burden to complete the review to determine responsiveness and privilege, Ballard's eDiscovery team compiled information for the Court to assess the burden placed on Ballard, however this exercise was only undertaken *after* Defendants filed the Motion to Compel.

        Gerald Krovatin
        (Attorney No. 024351977)
        Krovatin Nau LLC
        60 Park Place, Suite 1100
        Newark, NJ 07102
        (973) 424-9777

        *ATTORNEYS FOR PRINCETON ALTERNATIVE FUNDING, LLC MICROBILT CORPORATION, PHILIP N. BURGESS, JR., WALTER WOJCIECHOWSKI, AND JOHN COOK, JR.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the foregoing document by email on March 23, 2023, in accordance with the parties' agreement, on all counsel of record as follows:

James E. Smith
smithja@sec.gov
*Counsel for Plaintiff*

Neal Walters
waltersn@ballardspahr.com
*Counsel for Ballard Spahr LLP*

Timothy Katsiff
katsiff@ballardsparh.com
*Counsel for Ballard Spahr LLP*


        */s/ John A. Sten*
        _____
        John A. Sten