

**SECURITIES AND EXCHANGE COMMISSION**
**DIVISION OF ENFORCEMENT**
100 F Street, N.E.
WASHINGTON, DC 20549

March 5, 2025

**BY CM/ECF**

The Honorable J. Brendan Day
United States Magistrate Judge
United States District Court
District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Trenton, New Jersey 08608

> Re:  *Securities and Exchange Commission v. Princeton Alternative Funding, LLC, et al.,* No. 3:21-cv-12971 RK-JBD

Dear Hon. Magistrate Judge Day:

Pursuant to the Court's December 12, 2024 Order, the Local Rules and this Court's Chamber's Case Management Statement, Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") and Defendants, Princeton Alternative Funding, LLC, Microbilt Corporation, Phillip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr., (collectively "Defendants") (Defendants and Plaintiff are collectively the "Parties"), by and through their undersigned counsels, submit this status report and motion to extend the fact discovery cut-off date in the above-referenced matter to June 26, 2025, for the reasons set forth below.

## I.      Status of Fact Discovery

The fact discovery cut-off date is currently scheduled for March 28, 2025.  This is the only pretrial date currently scheduled.

### A.      Pending SEC Discovery that Has Not Been Resolved

On February 25, 2025, the SEC noticed the depositions of Walter Wojciechowski, Philip Burgess, Jr., John Cook, Jr., and Alonzo Primus.  Following those deposition notices, the Parties met and conferred to discuss the status of SEC's request that Defendants produce documents that Defendants obtained in a parallel state court matter, *Farrell v. Microbilt Financial Services Corp., et al.,* No. MER-C-6-16 (consolidated with No. MER-L-675-20) (the "State Court Case").  The Defendants have produced deposition transcripts and exhibits from the State Court Case but have not yet produced relevant documents that were produced to the Defendants, along with all written discovery in that case.  Defendants had anticipated that the defendants in the State Court Case would have produced all of their written discovery by now, but at least four of them still are not in compliance and that problem is being addressed by the State Court Discovery Master, the

Hon. Anthony M. Massi, J.S.C. (ret.).  Given the relevance of these materials, the SEC will need to review the documents produced prior to moving forward with the previously noticed depositions and potentially others.  Defendantsare optimistic that Judge Massi will be able to resolve the written discovery production issues in the State Court Case and have agreed to produce the remaining State Court case documents no later than March 31, 2025.

In the meet and confer, Defendants' counsel also stated that they may object to the depositions of the individual Defendants upon the ground that the SEC has taken the Defendants' investigative testimony and their deposition testimony may be cumulative.  The SEC believes that it is entitled to take the depositions of the individual Defendants.  The parties will attempt to resolve this issue to obviate the need for judicial intervention.

**B.      Pending Defendant Discovery Issues That Have Not Been Resolved**

On February 19, 2025, the Defendants noticed the depositions of Robert Farrell, Bert Szostak, Darren Baldo, Edward Bernstein, Lawrence West, and Bruce Clark.  During the meet and confer, Defendants' counsel stated that the scheduling of these depositions might be impacted by the potential assertion of attorney-client privilege by Mr. Baldo.  As the Court may recall, Mr. Baldo asserted the attorney-client privilege in opposing Defendants' request for the production of communications between Lawrence West and Robert Farrell and Robert Szostak involving Ranger and/or the Defendants. (ECF No. 121).  During the October 9, 2024 hearing, Baldo withdrew his assertion of the privilege and objection to West's production of responsive documents (ECF No. 133).  Defendants' counsel will seek a stipulation from Baldo that he will not assert attorney-client privilege in connection with the noticed depositions.  If Defendants are not able to reach an agreement with Mr. Baldo regarding his assertion of attorney-client privilege, Defendants intend to raise this issue with the Court prior to the depositions.

**II.      Conclusion**

Thus, the Parties respectfully request the Court to extend fact discovery until June 26, 2025.  The Parties contend that modifying the fact discovery date as detailed above will be in the best interest of the Parties and the Court and will permit more efficient case management, serve the interest of judicial economy, and conserve the resources of the Court and the Parties.

Respectfully submitted,

| | |
|---|---|
| /s/ Davis Oliver | /s/ Gerald Krovatin |
| James Smith | Gerald Krovatin |
| Davis Oliver | Krovatin Nau LLC |
| Charlie Divine | 60 Park Place |
| SECURITIES AND EXCHANGE | Suite 1100 |
| COMMISSION | Newark, NJ 07102 |
| 100 F Street, NE | 973-424-9777 |

<table>
<tr>
<td>

Washington, DC  20549
(202) 551-5881 (Smith)
(202) 551-8920 (Oliver)
(202 551-6673
smithja@sec.gov
oliverp@sec.gov
divinec@sec.gov


*Counsel for Plaintiff*

</td>
<td>

973-424-9779 (fax)
gkrovatin@krovatin.com

Zach Intrater
Agnifilo Intrater LLP
445 Park Avenue, 7th Fl
New York, NY 10022
(917) 721-7331
zach@agilawgroup.com


*Counsel for Defendants*

</td>
</tr>
</table>