

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549**

DIVISION OF
ENFORCEMENT

September 17, 2025

**VIA CM/ECF FILING**

The Honorable J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building & Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:   *SEC v. Princeton Alternative Funding, LLC*, *et al.*, Case No. 21-12971 (RK-JBD)
           Joint Status Report

Dear Judge Day:

      Pursuant to the Court's July 18, 2025, Order (ECF No. 149) Plaintiff Securities and Exchange Commission ("SEC") and Defendants, Princeton Alternative Funding, LLC ("PAF"), Microbilt Corporation, Phillip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr., (collectively "Defendants") (the SEC and the Defendants are collectively the "Parties"), submit this status report. The Parties also request that the Court set October 17, 2025, for another status update and extend fact discovery through January 30, 2026. The current discovery deadline is September 26, 2025. *See* ECF No. 149. The Parties agree that an extension of the discovery deadline is warranted because of Defendants' intention to modify their previously disclosed advice of counsel defense. The Parties further agree that submitting another status update in a month will assist the Parties in resolving any privilege issues.

**SEC's Summary of the Status of Discovery**

      The SEC deposed Howard Davner, the former CEO of defendant PAF on July 9, 2025. During the deposition of Mr. Davner, counsel for Defendants and defendant Burgess, who attended the deposition, made several statements regarding the scope of Defendants' advice of counsel defense that conflict with Defendants' previous Responses to the SEC's First and Second Set of Interrogatories, which the SEC served on Defendants in December 2021 and February 2022, respectively. Both sets of Interrogatories posed specific questions asking Defendants to articulate the advice of counsel defense they asserted in their Answer and identify the communications upon which they relied.

      In May 2022, Defendants responded to both sets of Interrogatories outlining a narrow advice of counsel defense. Defendants' Interrogatory Responses stated:

Paragraphs 33-52 of the Complaint contain or make reference to allegations regarding certain disclosures that the SEC alleges Defendants were required to make with respect to Mr. Burgess's involvement in the Fund. Gregory Nowak, counsel at Pepper Hamilton, verbally advised Defendants on this subject in May of 2016. At that time, Mr. Nowak advised that disclosures were not required under Rule 506(d) of Regulation D. Mr. Burgess asked Mr. Nowak to again reiterate his advice in an email dated December 12, 2016.

In May 2022, the Parties reached an agreement about the scope of Defendants' waiver of privilege related to advice Mr. Nowak provided Defendants about Rule 506(d) of Regulation D of the Securities Act. On September 9, 2022, Defendants produced a December 12, 2017, email from Gregory Nowak to Phil Burgess pursuant to the agreed-upon privilege waiver. To the SEC's knowledge, Defendants have not produced any other documents pursuant to their limited privilege waiver and have redacted or withheld all privileged communications with Mr. Nowak and his firm. The SEC has planned and conducted its discovery based on Defendants' representation that the only advice of counsel they would rely on in defending this case was the advice Mr. Nowak provided regarding Defendants' obligation under Rule 506(d) of Regulation D to disclose Mr. Burgess's role.

However, during the July 9 deposition of Mr. Davner, Defendants indicated that they intend to rely on Mr. Nowak's advice regarding two additional topics: (1) advice Mr. Nowak gave regarding disclosure of Mr. Burgess's role in the Fund beyond the disclosure required by Rule 506(d) of Regulation D of the Securities Act; and (2) advice Mr. Nowak gave regarding Defendants' duty to disclose that the Fund's largest investor, Ranger, sought to redeem its investments in the Fund.

On July 25, 2025, the SEC sent Defendants a letter requesting they clarify their advice of counsel defense and supplement their Interrogatory Responses. The Parties met and conferred on August 5, September 5, and September 9 and discussed Defendants' intent to assert a broader advice of counsel defense along the lines discussed at the Davner deposition. The Parties agreed that the depositions of the Defendants previously noticed by the SEC should not proceed until after (1) the Defendants articulate their advice of counsel defense by supplementing their Responses to the SEC's First and Second Set of Interrogatories; and (2) Defendants produce any previously withheld privileged communications regarding the subject of their advice of counsel defense.

The Parties selected October 17, 2025, for an additional status update to the Court because they anticipate that by that date Defendants will have completed their supplementation of their Interrogatory Responses, Defendants will have completed production of previously withheld documents, and the Parties will have had the opportunity to confer regarding any privilege issues. Accordingly, by October 17, the Parties should be prepared to address any outstanding privilege issues with the Court or be prepared to notify

the Court that they are ready to move forward with the SEC's previously noticed depositions of the Defendants.

With respect to the remaining discovery propounded by the SEC, the Parties have made progress. As noted above, the SEC deposed Howard Davner on July 9. On September 5, Defendants supplemented their Responses to the SEC's Third and Fourth Set of Interrogatories. These Interrogatories were the subject of the Court's July 18, Order that instructed Defendants to make a good-faith reasonable search for exemplar documents and supplement their previous Responses. *See* ECF No. 149. Other outstanding discovery requested by the SEC include Defendants' production of written discovery from *Farrell v. Microbilt Financial Services Corp., et al.,* No. MER-C-6-16 (consolidated with No. MER-L-675-20), the related state court proceeding and the deposition of former PAF employee Alonzo Primus. Defendants have agreed to produce the written discovery by October 10 and provide proposed dates for Mr. Primus's deposition by September 23.

**Defendants' Summary of the Status of Discovery**

Defendants join in the requested case management dates. Defendants generally concur with the SEC's description of the status of pending discovery issues in this matter. Defendants will supplement their answers to the SEC's First and Second Sets of Interrogatories to more completely define their advice-of-counsel defense and to produce any additional supporting documents. Similarly, Defendants will complete their production of written discovery in the parallel State case by October 10, and will provide dates for Mr. Primus' out-of-state deposition by September 23.

Respectfully submitted,

  /s/ Charlie L. Divine
Charlie L. Divine
P. Davis Oliver
James E. Smith
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
(202 551-6673 (Divine)
(202) 551-8920 (Oliver)
(202) 551-5881 (Smith)
divinec@sec.gov
oliverp@sec.gov
smithja@sec.gov

  /s/ Gerald Krovatin
Gerald Krovatin
Attorney for Defendants
Krovatin Nau LLC

  /s/ Zach Intrater
Zach Intrater
Attorney for Defendants
Agnifilo Intrater LLP